```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

FRANK T. HENNESSEY, et. al.,   : Civil Action No. 06-CV-143
                               :
    Plaintiffs,              :
                               :
    v.                       : **OPINION**
                               :
ATLANTIC COUNTY DEPT. OF       :
PUBLIC SAFETY, et. al.,        :
                               :
    Defendants.              :

**APPEARANCES:**

Frank T. Hennessey
554488/SBI 169699B
Bayside State Prison
4293 Route 47
P.O. Box F-1
Leesburg, NJ 08327

    *Pro Se Plaintiff.*

James T. Dugan, Esquire
Atlantic County Department of Law
1333 Atlantic Avenue
8th Floor
Atlantic City, NJ 08401

    *Attorney for Defendants, Atlantic County Department of*
    *Public Safety, et. al.*

**HILLMAN**, District Judge

    This matter is before the Court on appeal of the Order entered by the Honorable Joel S. Schneider, U.S.M.J., denying Plaintiff's motion for appointment of pro bono counsel.  For the reasons expressed below, Magistrate Judge Schneider's Order will be affirmed.

**I.   BACKGROUND**

    On January 12, 2006, pro se Plaintiff, Frank T. Hennessey,

along with several other prisoner plaintiffs[1] filed a complaint against defendants alleging unconstitutional conditions of confinement at the Atlantic County Justice Facility.[2]  By Order entered September 18, 2006, the Court granted plaintiffs' application for appointment of counsel and shortly thereafter Gregg L. Zeff, Esquire, was appointed as pro bono counsel.[3]

 Mr. Zeff subsequently filed a motion to withdraw as counsel for Hennessey.  Mr. Zeff stated that he and Hennessey disagreed over the method and manner in which the case should proceed.  Magistrate Judge Schneider found that the alleged difference of opinion in litigation strategy would prevent Mr. Zeff from properly representing Hennessey in this case.  Magistrate Judge Schneider further found that it was no longer appropriate to appoint counsel to represent Hennessey.  Based on the Court's further understanding of the background of the case and plaintiffs' claims, Hennessey's submissions to the Court, and

---

[1] Originally, the other plaintiffs numbered 19, but due to procedural failures on their part to prosecute their case and/or inform the Court of their current address, some of the plaintiffs have been dismissed after entry of order to show cause.  As of the entry of this Order, there are three remaining plaintiffs.

[2] The complaint also brought other claims in addition to the conditions of confinement claim.  Since those other claims were unrelated to the conditions of confinement claim and more aptly brought as individual claims by each plaintiff, they were severed from the action and the plaintiffs were instructed to file separate complaints for those claims.

[3] It appears that Mr. Zeff only entered his appearance as counsel for Hennessey.

Hennessey's pro se experience litigating cases in federal court, Magistrate Judge Schneider determined that Hennessey is capable of representing himself in this lawsuit.  By Order entered October 2, 2007, Magistrate Judge Schneider granted Mr. Zeff's motion to withdraw as Hennessey's court-appointed pro bono counsel and reinstated Hennessey as a pro se litigant.

Hennessey filed a motion for reconsideration of the Court's October 2, 2007 Order which was denied on February 20, 2008, by Magistrate Judge Schneider.  Hennessey argued in support of his motion that the remaining plaintiffs in this case are not in a position to proceed pro se and that there was no conflict in litigation strategy with Mr. Zeff.  Magistrate Judge Schneider found that Hennessey's motion was untimely, and further found that Hennessey did not allege any new facts, clear error of law or intervening change in the controlling law as required by the standard for a motion for reconsideration.  Magistrate Judge Schneider noted that Hennessey's arguments were the same arguments that he presented in his opposition to Mr. Zeff's motion to withdraw and therefore, had already been considered and rejected by the Court.

On April 10, 2008, Hennessey filed another motion for appointment of pro bono counsel.  In this motion, Hennessey reiterated his arguments opposing Mr. Zeff's withdrawal and in support of his motion for reconsideration.  Hennessey alleged

that all of the plaintiffs in this case "more than qualify" for court appointed counsel due to "obvious obstacles, deficiencies, and/or lack of education, resources."  On June 17, 2008, Magistrate Judge Schneider issued an Order denying Hennessey's motion for appointment of pro bono counsel from which Hennessey now appeals.

**II.   DISCUSSION**

**A.   Standard of Review**

A United States Magistrate Judge may hear and determine any [non-dispositive] pretrial matter pending before the court pursuant to 28 U.S.C. § 636(b)(1)(A).  A district court judge will only reverse a magistrate judge's opinion on pretrial matters if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72. 1(c)(1)(A).  Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  South Seas Catamaran, Inc. v. M/V Leeway, 120 F.R.D. 17, 21 (D.N.J. 1988)(citation omitted).  "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review."  Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000).  A ruling is contrary to law if the magistrate judge has misinterpreted or

4

misapplied applicable law.  Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998).  The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law.  Exxon Corp. v. Halcon Shipping Co., Ltd., 156 F.R.D. 589, 591 (D.N.J. 1994).

Here, Magistrate Judge Schneider's June 17, 2008 Order pertains to a non-dispositive motion.  Therefore, this Court will examine Hennessey's appeal under the "clearly erroneous or contrary to law" standard.[4]

**B.   Analysis**

Hennessey appeals Magistrate Judge Schneider's denial of his motion for appointment of pro bono counsel.  The Court may, pursuant to 28 U.S.C.A. § 1915, request an attorney to represent an indigent plaintiff in a civil action.  The statute provides that "the court may request an attorney to represent any person unable to afford counsel."  28 U.S.C.A. § 1915(e)(1).  The appointment of counsel is a privilege rather than the right of a litigant, and it lies within the sole discretion of the Court.

---

[4] Some courts find that "where an appeal seeks review of a procedural matter that a magistrate judge routinely is called upon to decide such as appointment of pro bono counsel, the 'abuse of discretion' standard" may be applied.  See Rhett v. New Jersey, No. 07-1310(DRD), 2007 WL 1456199, at *2 (D.N.J. May 14, 2007)(citation omitted).  Because this Court finds that Magistrate Judge Schneider's ruling was not clearly erroneous or contrary to law, it is not necessary to apply the more deferential "abuse of discretion" standard.

Council v. Nash, No. 06-007(RBK), 2007 WL 1651191, at *1 (D.N.J. 2007)(citations omitted).  In deciding whether to appoint counsel, the Court is first required to determine whether the plaintiff's claim has "some merit in fact and law."  Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997).  The Court may then consider the following factors to further determine if pro bono counsel should be requested: (1) the plaintiff's ability to present his own case, (2) the difficulty of the particular legal issue, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation, (4) the plaintiff's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses.  Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993).

On June 17, 2008, Magistrate Judge Schneider entered an Order denying Hennessey's motion for appointment of pro bono counsel.  Magistrate Judge Schneider found that Hennessey's motion did not present any additional arguments that the Court had not previously considered when deciding his prior motions.  Magistrate Judge Schneider reiterated Hennessey's experience litigating in federal court and his capability in representing himself.  Additionally, Magistrate Judge Schneider pointed out that Hennessey does not represent the interests of the other

6

plaintiffs in this case and cannot file motions on their behalf.

In Hennessey's appeal before this Court of Magistrate Judge Schneider's June 17, 2008 Order, Hennessey addresses many issues not all of which concern Magistrate Judge Schneider's denial of appointment of pro bono counsel.[5]  Focusing on those items that directly relate to his appeal, Hennessey reiterates his version of the facts surrounding Mr. Zeff's initial appointment as pro bono counsel, and Mr. Zeff's motion to withdraw.  Hennessey continues to allege that Mr. Zeff's motion to withdraw was "based upon patently false information."  Hennessey states, "... I have personally took the task of re-filing (for pro bono representation) based upon several issue(s) which more than qualify (not only myself, but also qualifies other remaining plaintiff(s))[.]"  In support of his argument, Hennessey points

---

[5]In Hennessey's Appeal, he also alleges that Defendants have not responded to his subpoena for information.  As Magistrate Judge Schneider stated in his July 25, 2008 letter to Hennessey, Plaintiffs have the right to file a Motion to Compel Discovery before Magistrate Judge Schneider if they believe that Defendants have not properly responded.  Hennessey additionally appears to request the Court to recuse Magistrate Judge Schneider due to "his well documented bias, abuse of discretion, and/or judicial absurdities."  28 U.S.C. 455(a) provides that "any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  However, a motion for the recusal of Magistrate Judge Schneider, addressed to this Court, is invalid Doe v. National Bd. of Medical Examiners, No. 99-4532, 2001 WL 1003206, at *3 (E.D. Pa. Aug. 14, 2001).  A magistrate judge cannot be removed by another judge using a recusal standard.  Id.  The proper procedure would be to bring a motion to recuse before the magistrate judge.  Id.

7

to his fifteen dollars a month salary, in forma pauperis status, eight transfers within the prison system making research, filing, and assistance difficult, and the alleged insufficiency of the law libraries.

In reviewing Hennessey's Appeal, this Court agrees with Magistrate Judge Schneider and finds that Hennessey is capable of presenting his own case.[6]  Even though Magistrate Judge Schneider simply pointed to Hennessey's pro se experience litigating in federal court and his apparent capability in presenting his case, this Court finds that the conclusion remains the same even with a more thorough consideration of the Tabron factors.  Although Hennessey asserts that his lack of resources qualify him for pro bono counsel, "indigency alone does not warrant the appointment of counsel."  See Stevens v. Lopez, No. 06-3697(FSH), 2006 WL 2927614, at *2 (D.N.J. 2006).  Hennessey further asserts that his eight transfers have made it difficult for him to conduct the necessary research and filing, yet he has successfully presented to the Court thus far a thorough, approximately 88 page complaint, several motions, and oppositions to motions.  Hennessey's last contention that the prison law libraries are insufficient is not enough to warrant the appointment of pro bono

---

[6]  As Magistrate Judge Schneider has reiterated throughout his Orders, Hennessey may only represent himself and may not file motions on behalf of other plaintiffs.  As such, the Court applies Hennessey's arguments for appointment of pro bono counsel only to Hennessey.

counsel.  See Lewis v. Casey, 518 U.S. 343, 350 (1996)(finding that prisoners have a right of access to the courts, but they do not have an automatic right of access to a law library or to legal assistance.)  The Court finds that none of Hennessey's alleged obstacles preclude him from presenting his case before the Court.  Hennessey has demonstrated an ability to present his claims and the evidence supporting them within the appropriate legal framework.  Despite Hennessey's assertions that his lack of resources, multiple transfers, and difficulty conducting research in the allegedly insufficient law library warrant an appointment of pro bono counsel, they simply do not rise to the necessary level.  Hennessey carries the burden of demonstrating that Magistrate Judge Schneider's Order qualifies as clearly erroneous or contrary to law, and the Court finds that Hennessey has not successfully met that burden through his assertions.

Under the circumstances presented here, this Court finds that Magistrate Judge Schneider did not err in failing to appoint pro bono counsel.  Magistrate Judge Schneider appropriately assessed and reviewed Hennessey's application and correctly concluded that Hennessey is able to proceed on his own in presenting his case before the Court.  Therefore, Magistrate Judge Schneider's June 17, 2008 Order denying Hennessey's Motion is affirmed.

**IV. CONCLUSION**

For the foregoing reasons, Magistrate Judge Schneider's Order is affirmed.  An appropriate Order will be entered.

 s/Noel L. Hillman  
NOEL L. HILLMAN, U.S.D.J.

Date: October 22, 2008

At Camden, New Jersey