```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

FRANK T. HENNESSEY,            : Civil Action No. 06-CV-143
RICHARD BOLER, and             : (NLH)(JS)
KHALID BUTTS,                  :
     Plaintiffs,               :
                               :
     v.                        : **OPINION**
                               :
ATLANTIC COUNTY DEPT. OF       :
PUBLIC SAFETY, et. al.,        :
                               :
     Defendants.               :

**APPEARANCES:**

Frank T. Hennessey
Richard Boler
Khalid Butts
Bayside State Prison
4293 Route 47
P.O. Box F-1
Leesburg, NJ 08327

   *Pro se plaintiffs*

James T. Dugan, Esquire
Atlantic County Department of Law
1333 Atlantic Avenue
8th Floor
Atlantic City, NJ 08401

   *Attorney for defendant Atlantic County Department of Public Safety*

Colleen M. Ready, Esquire
Ian Mark Sirota, Esquire
Margolis Edelstein
Suite 200
PO Box 2222
Westmont, *NJ 08108*

   *Attorneys for defendant Aramark*

**HILLMAN**, District Judge

   In this case concerning prisoners' conditions of confinement

claims, presently pending before the Court are: (1) defendants' motions to dismiss all three plaintiffs' claims for their failure to comply with discovery and the prosecution of their case, (2) plaintiff Richard Boler's appeal of orders entered by the Honorable Joel S. Schneider, U.S.M.J. regarding discovery, and (3) plaintiff Frank Hennessey's motion for the recusal of the undersigned and Magistrate Judge Schneider.  For the reasons expressed below, plaintiffs' motions will be denied and defendants' motions will be granted.

## I. BACKGROUND

On January 12, 2006, pro se plaintiffs, Frank T. Hennessey, Richard Boler, and Khalid Butts, along with numerous other prisoner plaintiffs[1] filed a complaint against defendants alleging unconstitutional conditions of confinement at the Atlantic County Justice Facility.[2]  Defendants have moved for the dismissal of plaintiffs' claims for their failure to participate in discovery and for their disregard of the court's discovery

---

[1] Originally, the other plaintiffs numbered 19, but due to procedural failures on their part to prosecute their case and/or inform the Court of their current address, some of the plaintiffs have been dismissed after entry of order to show cause.  Only three plaintiffs remain.

[2] The complaint also brought other claims in addition to the conditions of confinement claim.  Since those other claims were unrelated to the conditions of confinement claim and more aptly brought as individual claims by each plaintiff, they were severed from the action and the plaintiffs were instructed to file separate complaints for those claims.

orders. Plaintiffs Butts and Hennessey have not opposed this motion. Hennessey, however, has filed a motion for the recusal of this Court and Magistrate Judge Schneider. Plaintiff Boler has opposed defendants' motion, and has also filed objections to Judge Schneider's discovery orders.

**II. DISCUSSION**

    **A. Jurisdiction**

Because plaintiffs have brought claims pursuant to 42 U.S.C. § 1983 for alleged violations of their constitutional rights, this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

    **B. Analysis**

        **1. *Hennessey's Motion for Recusal***

Plaintiff Hennessey argues for the recusal of the undersigned and Magistrate Judge Schneider for several reasons: (1) the delay in the pro se complaint screening process; (2) the failure of the complaint to be filed as a class action; (3) the dismissal of many plaintiffs for their failure to comply with the rules concerning providing the court with current addresses; (4) the delay in receiving pro bono legal assistance; (5) the granting of that pro bono legal counsel's motion to withdraw without a formal hearing or without hearing Hennessey's "version of events"; (6) that the "lies" told in legal counsel's motion tainted the rest of the case; and (7) the court's "obvious bias"

(e.g., "abuses of discretion," "judicial absurdities," "overlooking obvious truths").

The recusal of judges is governed by 28 U.S.C. §§ 144 and 455. Pursuant to 28 U.S.C. § 144, a federal district court judge must recuse if a party "files a timely and sufficient affidavit that the judge ... has a personal bias or prejudice either against [that party] or in favor of any adverse party." Moreover, regardless of whether a party files a recusal motion, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

Hennessey focuses much of his motion on the issue of pro bono counsel. Judge Schneider denied his motion for reconsideration on that issue, and Hennessy appealed to this Court, which affirmed Judge Schneider's order. This unfavorable ruling does not form an adequate basis for recusal. Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.)"; SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Instead, Hennessey's remedy would be to appeal those rulings with which he disagrees. In re Vazquez, 285 Fed. Appx. 931, 932 (3d Cir. 2008).

With regard to Hennessey's claims of bias, which he claims is evidenced by delay, dismissal of other plaintiffs, and the denial to reappoint pro bono counsel, these claims cannot form

4

the basis for recusal.  See id. Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990)(stating that any disagreement a party has with a judge's "legal and procedural rulings certainly cannot be equated with the showing required to so reflect on [the judge's] impartiality as to dictate recusal"); Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992) (stating that conclusory and speculative statements are insufficient to establish a clear and indisputable right to the relief a party seeks); United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir. 1989) (stating that "[c]onclusory statements and opinions" made by a litigant in his 28 U.S.C. § 144 affidavit "need not be credited").  Recusal of a judge is proper only if "it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair minded person could not set aside when judging the dispute."  Liteky, 510 U.S. 540 at 557-58. Hennessey has not so demonstrated, and therefore his motion for recusal will be denied.

   **2. Defendants' motions to dismiss**

   Defendants move to dismiss plaintiffs' claims for their failure to participate in the discovery process and their failure to comply with the court's discovery orders.  Defendants served the three plaintiffs with interrogatories and a notice to produce on March 24, 2008.  On May 2, 2008, the three plaintiffs were served with a supplemental request.  To date, Butts has failed to

provide any responses whatsoever.  Boler and Hennessey have failed to provide any responsive documents or answers to interrogatories.[3]  Because of the plaintiffs' unresponsiveness, Magistrate Judge Schneider permitted defendants to file a motion to compel discovery, which was granted on August 8, 2008.  Judge Schneider found that plaintiffs had failed to respond to defendants' written discovery in violation of Federal Civil Procedure Rules 33 and 34, and ordered that plaintiffs were to provide "full and complete responses" to defendants' interrogatories and notice to produce by August 29, 2008 (Hennessey) and September 1, 2008 (Boler and Butts).  Hennessey and Butts failed to respond at all, and Boler again did not provide responsive documents.[4]  Accordingly, pursuant to Federal

---

[3] Hennessey's response to interrogatories contained restatements of the allegations in the complaint regarding the conditions of the prison, as well as answers such as "irrelevant," "waste of time," and "inadequate funds."  (Ex. B to Docket No. 148.)  Boler's response to interrogatories answered the questions concerning his employment, incarceration, and litigation history, but he refused, under the explanation of "work product" and "will inquire," to answer any substantive question about his claims.  (Ex. B to Docket No. 149.)

[4] On August 31, 2008, in response to defendants' document request, Boler stated that he "possessed no documents responsive to the request," and "Plaintiff has yet to commence discovery, reserves the right to supplement disclosure if and when documents are reviewed by him.  Co-plaintiff Hennessey may have possession of relevant materials."  (Docket No. 155.)  The Court notes that Boler cannot be held to violate the discovery order by not producing documents if he had no documents to produce.  It is not Boler's failure to produce documents in August 2008 that is the basis for the dismissal of his claims, but rather his failure to otherwise prosecute his case in the three and a half years it has

Civil Procedure 37 and Local Civil Rule 37.1, defendants have moved for the dismissal of plaintiffs' claims for their failure to comply with discovery and the court's order concerning discovery.

Federal Rule of Civil Procedure 37(b) authorizes sanctions for failure to comply with discovery orders. The district court may bar the disobedient party from introducing certain evidence, or it may direct that certain facts shall be "taken to be established for the purposes of the action. . . ." Roadway Express, Inc. v. Piper, 447 U.S. 752, 763 (1980). The Rule also permits the trial court to strike claims from the pleadings, and even to "dismiss the action ... or render a judgment by default against the disobedient party." Id. (citations omitted). "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." Id. at 764 (citation and quotations omitted).

Furthermore, it is well-acknowledged that a court has the "inherent power of a court to levy sanctions in response to abusive litigation practices." Id. at 765. As the Supreme Court stated:

The authority of a federal trial court to dismiss a

---

been pending.

> plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law. . . .

Id. (quoting Link v. Wabash R. Co., 370 U.S. 626, 632 (1962)).

In the Third Circuit, a district court must apply the following factors in determining whether to impose a punitive dismissal under Rule 37: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." James Industries, Inc. v. Lexar Corp., 60 Fed. Appx. 385, 388 (3d Cir. 2003) (quoting Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 867-68 (3d Cir. 1984)). Not all of the Poulis factors need to be satisfied in order to dismiss a complaint, however, as the dismissal must be reviewed in the context of a district court's experiences in dealing with the litigant. Id. (citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)).

Here, it has been over three and a half years since the commencement of this case. It has been over a year since defendants propounded discovery requests and served them on the plaintiffs--on three separate occasions. It has been almost a year since Judge Schneider ordered plaintiffs to provide responsive responses to defendants' discovery requests. Plaintiffs have been afforded ample opportunity to comply with the most basic elements of prosecuting their case--namely, answering questions about their claims and providing documents to support their claims. Plaintiffs have not provided any creditable reason why they cannot answer simple questions about their case and provide the documents that support their claims. Without such basic information, defendants are unable to know the scope and substance of plaintiffs' claims, and cannot defend themselves accordingly. As the Supreme Court found in <u>Roadway Express</u>, because the "respondents in this case never have complied with the District Court's order that they answer Roadway's interrogatories," "[t]hat failure was the immediate ground for dismissing the case." <u>Id.</u> A similar failure occurred in this case requiring a similar result. Accordingly, plaintiffs' claims must be dismissed with prejudice.[5]

---

[5]Because the Court dismisses Boler's claims for his failure to engage in discovery, Boler's "Objections to Magistrate Judge[']s Findings/Order" do not need to be addressed. For the

---

sake of thoroughness, however, the Court will briefly comment on Boler's objections. Boler argues that: (1) he needs assistance from the Court because his co-plaintiffs are not cooperative, (2) the discovery deadlines "need to be enlarged to facilitate the prosecution of this case," (3) and that he was entitled to pro bono counsel, but only Hennessey was appointed one. (Docket No. 144.) With regard to his first two arguments, Boler is required to prosecute his case and not rely upon his co-plaintiffs, and he has been afforded sufficient opportunity to engage in discovery.

With regard to his third argument, on September 18, 2006, the Court ordered "an attorney" to represent "plaintiffs" pro bono (Docket No. 42 at 6), and an attorney, Greg Zeff, was appointed. It appears that Mr. Zeff entered his appearance only for plaintiff Hennessey, and then subsequently asked to be relieved as counsel because (1) he accepted the appointment under the impression he was only to represent one plaintiff, not numerous plaintiffs, and (2) he and Hennessey had a fundamental difference in opinion on how to prosecute the case. (See Docket No. 100). Magistrate Judge Schneider relieved Mr. Zeff of his appointment for both of those reasons. Judge Schneider also found that Hennessey was capable of representing himself, and therefore was no longer entitled to pro bono attorney assistance. (Id.)

Even though the Court originally appointed counsel at the beginning of the case, ostensibly to represent all plaintiffs, when such counsel was appointed, there was confusion by counsel as to whether it was on behalf of the self-professed lead plaintiff only, or as to all plaintiffs. Boler argues that he is still entitled to pro bono counsel assistance pursuant to the Court's September 18, 2006 order, despite the Mr. Zeff/Hennessey situation.

The appointment of counsel is a privilege rather than the right of a litigant, and it lies within the sole discretion of the Court. 28 U.S.C. § 1915(e)(1). Accordingly, the Court is permitted to decline to take further efforts to appoint counsel in the event the first appointment withdraws. See Francis v. Joint Force Headquarters Nat. Guard, 2009 WL 777396, *3 (D.N.J. 2009) (declining to provide plaintiffs with a new pro bono counsel, and stating that the "appointment of counsel is a privilege in a civil case, and the pool of volunteer pro bono attorneys is neither wide nor deep. . . . Other civil cases also await pro bono appointments, with the demand always exceeding the supply of volunteers who are willing and able to tackle federal civil litigation at no cost to the plaintiff"). Boler's failure

Quality Prefabrication, Inc. v. Daniel J. Keating Co., 675 F.2d 77, 81 (3d Cir. 1982) (acknowledging that dismissal with prejudice is the ultimate sanction for failure to comply with discovery orders); see also Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (finding dismissal appropriate when parties "refuse to abide by prescribed rules of court" and "will not obey court orders"); Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 691-96 (3d Cir. 1988) (affirming dismissal of a Rule 37 sanction for failing to comply with discovery orders over an extended period); Marshall v. Sielaff, 492 F.2d 917, 918 (3d Cir. 1974) (upholding dismissal for failure to prosecute under Rule 41(b) and inherent power of the court); Muslim v. Frame, 854 F. Supp. 1215, 1221 (E.D. Pa. 1994) ("When . . . a pro se prisoner fails to adhere to readily comprehended court orders, the district court has authority to dismiss for want of prosecution.").

## III.  CONCLUSION

For the foregoing reasons, defendants' motions to dismiss plaintiffs' claims with prejudice will be granted.  Hennessey's

---

to engage in discovery and comply with court orders was not due to lack of legal assistance.  The defendants' interrogatories and requests for documents asked simple questions and requested basic documents--no legal experience was required to respond.  If the Court were to appoint Boler legal counsel, that attorney would require from Boler the same information requested by defendants.  Boler's lack of participation and cooperation could not have been cured by the appointment of counsel, and, thus, Boler cannot demonstrate that the decision to not reappoint counsel is unjust.

motion for recusal will be denied, as will Boler's "Objections to Magistrate Judge[']s Findings/Order."  An appropriate Order will be entered.

Date: June 30, 2009                         s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.